UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KARRIE POIRIER and PATRICK GUILLORY,

                                        Plaintiffs,

      v.                                                  5:21-CV-571
                                                                 (BKS/ATB)

BISHOP REHABILITATION AND NURSING HOME,
et al.,

                                        Defendants.

---

KARRIE POIRIER, Plaintiff, pro se
PATRICK GUILLORY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiffs Karrie Poirier and Patrick Guillory. (Dkt. No. 1) ("Compl."). Ms. Poirier also moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2). The day after the complaint and IFP application were filed, Mr. Guillory filed a motion requesting to withdraw from the case. (Dkt. No. 5).

**I.    Motion to Withdraw**

Mr. Guillory attempted to file the complaint as power of attorney on behalf of Ms. Poirier,[1] in addition to naming himself as a plaintiff. However, on May 20, 2021, Mr. Guillory filed a motion seeking to withdraw as plaintiff due to an alleged conflict with U.S. Magistrate Judge Thérèse Wiley Dancks.[2] (Dkt. No. 5).

---

[1] There is nothing attached to the complaint, such as the power of attorney itself, proving that Mr. Guillory retains the legal authority to act on behalf of Ms. Poirier.

[2] The complaint was originally assigned to Judge Dancks, who recused herself from this action on May 20, 2021. (Dkt. No. 4). At that time, the clerk randomly reassigned the case to me as the

Notwithstanding Mr. Guillory's request, the complaint as brought by him is subject to dismissal for several reasons. It is well settled that a non-attorney, pro se litigant "is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (citing 28 U.S.C. § 1654); *see also Megna v. U.S. Dep't of the Navy,* 317 F. Supp. 2d 191, 192 (E.D.N.Y.2004) ("Although New York General Obligations Law § 5–1502H authorizes an agent holding a sufficient power of attorney '[t]o assert and prosecute before any court . . . any cause of action . . . which the principal has, or claims to have, against any individual,' that statute only permits the agent to hire on behalf of her principal, not to commence an action pro se in the name of her principal."). Thus, Mr. Guillory does not have the authority to bring this action on behalf of Ms. Poirier.

To the extent that Mr. Guillory sought to name himself as a plaintiff, he appears to lack standing, as the "elder abuse" claim described in the complaint fails to allege any concrete injury to Mr. Guillory. The complaint describes the alleged suffering of Ms. Poirier, who based on the statements contained therein may be related to Mr. Guillory, and a resident at the defendants' facility. There are, however, no allegations suggesting that Mr. Guillory has been personally injured by the alleged misconduct. *See Roemer v. Williams*, No. 19-CV-6855, 2020 WL 93892, at *2 (E.D.N.Y. Jan. 8, 2020) (In order to meet the standing requirement, "a plaintiff must show an injury in fact—his pleading and proof that he has suffered the invasion of a legally protected interest that is concrete and particularized, i.e., which affect[s] the plaintiff in a personal

---

Magistrate Judge. (*Id.*).

and individual way.") (internal quotations omitted) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, n. 1(1992)).  Moreover, Mr. Guillory has not applied for IFP status,[3] nor has he paid the filing fee.

Accordingly, the court grants Mr. Guillory's request to withdraw from this action, leaving only Ms. Poirier as plaintiff.  The court will proceed with its analysis to the extent that the complaint and IFP application are filed by Ms. Poirier on her own behalf.[4]

## II.     IFP Application

Ms. Poirier declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2).  After reviewing the application, this court finds that she is financially eligible for IFP status.

However, in addition to determining whether Ms. Poirier meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[3] The IFP application was filed in Ms. Poirier's name only.  (Dkt. No. 2).  Although it appears that Ms. Poirier may have attempted to initial some sections, it is unclear whether Mr. Guillory or Ms. Poirier prepared and executed the application.

[4] The court is proceeding in its consideration of the merits of the complaint because even though Mr. Guillory signed one part of the complaint as "Power of Attorney," (Compl. at 4), it appears that Ms. Poirier may have signed the complaint on another page, and she may have signed the application for IFP.  Ms. Poirier, if competent, may proceed on her own behalf.  If Mr. Guillory had filed the complaint as power of attorney without Ms. Poirier's signature, the court would have to recommend dismissal of the entire complaint without considering the merits and allow Ms. Poirier to obtain counsel or allow her to resubmit papers signed on her own behalf. *See Megna v. U.S. Dept. of Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. May 8, 2004).

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

### III. Complaint

The allegations contained in the complaint are substantially similar to claims

brought by Mr. Guillory in a separate action filed against Bishop Nursing Home on April 12, 2021. *See Guillory v. Bishop Nursing Home*, 5:21-CV-410 (MAD/ATB) (N.D.N.Y.) (Dkt. No. 1).[5] Here, Ms. Poirier alleges that the same defendant, Bishop Rehabilitation and Nursing Home ("Bishop"), "refuse[d] to fix their call button (for emergencies) and refuse[d] to fix their phones for [her] to call [her] family." (Compl. at 5). Ms. Poirier alleges that although she can receive incoming calls, she is not permitted to make any outgoing calls from the facility, likening her situation to "prison." (*Id.* at 5-6).

Ms. Poirier also alleges that the "call buttons" do not work in the facility, and as a result she is forced to defecate on herself. (*Id.* at 6). She goes on to claim that Bishop has been sued for elder abuse in the past, and that defendants Kelley and Goldworthy "seem[ ] to not . . . care about [her] health and safety. All they do is play on their phones . . . playing games." (*Id.* at 6). Ms. Poirier makes general claims of elder abuse and neglect by the defendants. (*Id.*). She is seeking "$200,00" in damages. (*Id.*).

## IV.   Section 1983

### A.   Legal Standards

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was

---

[5] On April 19, 2021, I recommended that Mr. Guillory's complaint be dismissed without prejudice, but without the opportunity to amend, for lack of subject matter jurisdiction. *See Guillory v. Bishop Nursing Home*, 5:21-CV-410 (MAD/ATB) (N.D.N.Y.) (Dkt. No. 6). The order and report-recommendation is pending review before U.S. District Court Judge Mae A. D'Agostino.

5

violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

### B. Application

The court will recommend dismissing the complaint for the same reasons

dismissal of Mr. Guillory's prior action was warranted.  Plaintiff is suing Bishop, a privately owned, for-profit care facility.[6]  She alleges no facts suggesting that Bishop is a state actor under any of the aforementioned exceptions, or describing how Bishop's actions are otherwise "fairly attributable to the state."  Likewise, Bishop employees Goldsworthy and Kelley are also private actors.  Because plaintiff has failed to plausibly allege that the named defendants acted under color of state law, the complaint fails to state any claims for relief under § 1983.  *See DuBois v. Bedford-Flatbush Chiropractic, P.C.,* 409 F. Supp. 3d 62, 69 (E.D.N.Y. 2019) (acknowledging that, in the context of § 1983, public functions do not include operating nursing homes) (citing *Manhattan Cmty. Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1926 (2019)); *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals, nursing home, and cemetery named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law.").  Accordingly, the district court should dismiss plaintiff's complaint against Bishop, Goldsworthy and Kelley pursuant to § 1983.

## V. **Opportunity to Amend**

### A. **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at

---

[6] *See* https://profiles.health.ny.gov/nursing_home/printview/150499 (indicating that Bishop is privately owned and operated by various limited liability companies); *see also* https://health.usnews.com/best-nursing-homes/area/ny/bishop-rehabilitation-nursing-center-335338 (stating that Bishop operates under "for-profit, partnership ownership").

7

least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.     Application

The court is recommending dismissal of this action for lack of subject matter jurisdiction over the § 1983 claim against the defendants.[7] Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). However, this court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in her complaint. As there appears no basis for plaintiff to raise her claims in federal court, the court should not allow plaintiff to amend, notwithstanding a dismissal without prejudice. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the

---

[7] Conceivably, the court might have exerted subject matter jurisdiction over plaintiff's claims if she had alleged complete diversity of citizenship between herself and all the defendants, in addition to a minimum of $75,000 in controversy. *See* 28 U.S.C. §§ 1331, 1332. However, plaintiff plainly asserts that the parties are not diverse; conceding that all parties "reside" within Onondaga County. (Compl. at 5, Dkt. No. 1-1). She makes no further allegations regarding citizenship. Accordingly, plaintiff has failed to invoke this court's diversity jurisdiction. *See Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete.") (citations omitted).

court recommends dismissal without leave to amend.

**WHEREFORE**, based on the findings above, it is

**ORDERED,** that Mr. Guillory's motion to withdraw as plaintiff (Dkt. No. 5) be **GRANTED**, to the extent that he names himself as a plaintiff, and it is

**RECOMMENDED**, that the complaint be dismissed to the extent that Mr. Guillory seeks to bring the action on Ms. Poirier's behalf, and it is

**ORDERED**, that Ms. Poirier's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity for amendment, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on the plaintiffs by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 25, 2021

Andrew T. Baxter
U.S. Magistrate Judge