UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KARRIE POIRIER,

                                        Plaintiff,                      5:21-cv-571 (BKS/ATB)

v.

BISHOP REHABILITATION
AND NURSING HOME, et al.,

                                        Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Karrie Poirier
Syracuse, NY 13203

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff pro se Karrie Poirier brought this action under 42 U.S.C.§ 1983 against Defendants Bishop Rehabilitation and Nursing Home ("Bishop") and two individuals alleging "elder abuse" in connection with Bishop's failure to fix call buttons and phones at the facility, and the individual Defendants' failure to provide care. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on May 25, 2021, issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction because Bishop is "a privately owned, for-profit care facility"; there are "no facts suggesting that Bishop is a state actor . . . or describing how Bishop's actions are otherwise 'fairly attributable to the state'" as required for a claim under § 1983; and Bishop's employees "are also private actors." (Dkt. No. 6, at 7-8). Magistrate Judge Baxter recommended that dismissal be without leave to amend because "there appears no basis for plaintiff to raise her

claims in federal court," and "lack of subject matter jurisdiction is a substantive defect." (*Id.* at 8). Plaintiff has filed objections to the Report-Recommendation. (Dkt. No. 8).[1] For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

Plaintiff objects to Magistrate Judge Baxter's determination that this Court has no jurisdiction over her claim. (Dkt. No. 8). She asserts that: "this Court has jurisdiction for acts of discrimination," without alleging that there is a state actor or action under state law; the case should not be dismissed without the opportunity to amend; and she questions why Magistrate Judge Baxter referenced the fact that there were no allegations about citizenship beyond the allegation that all parties reside within Onondaga County. (*Id.*). The Court has reviewed these objections *de novo*.

Federal courts are courts of limited jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). As Magistrate Judge Baxter thoroughly discussed in the Report-Recommendation, a claim under 42 U.S.C. § 1983 "must

---

[1] Patrick Guillory, who was also named as a plaintiff in the complaint, moved to withdraw as a plaintiff, and that request was granted. (Dkt. Nos. 5, 6). The Court has not, therefore considered the submissions Mr. Guillory filed after having been terminated as a plaintiff in this case. (Dkt. Nos. 7, 9).

2

allege facts showing that the defendant acted under the color of a state 'statute, ordinance, regulation, custom or usage,'" and the Plaintiff's claim against a privately-owned, for-profit facility and private actors in that facility, fails to plausibly allege action under color of state law. (Dkt. No. 6, at 5-7). Magistrate Judge Baxter considered whether the Court might have jurisdiction under the diversity jurisdiction statute, which grants federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff has failed to establish jurisdiction under this statute because all of the parties reside within Onondaga County, and there are no further allegations regarding citizenship. Because there is still no indication that the substantive defect of lack of subject matter jurisdiction can be corrected, the complaint is dismissed without leave to amend.

      Accordingly, the Report-Recommendation is adopted in its entirety for the reasons stated therein. It is therefore hereby

      **ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 6) is **ADOPTED** in all respects; and it is further

      **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction and without leave to amend; and it is further

      **ORDERED** that the Clerk is directed to enter judgment closing this case; and it is further

      **ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

      **IT IS SO ORDERED.**

Dated: June 17, 2021
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge